**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| BRION BROWN,<br><br>Plaintiff,<br>v.<br><br>DEPARTMENT OF CORRECTIONS, *et al*.,<br><br>Defendants. | Case No. 3:25-cv-00349-SLG-KFR |

**ORDER DISMISSING ACTION AND NOTICE OF STRIKE**

Before the Court at Docket 1 is Plaintiff Brion Brown's Civil Complaint for Violation of Civil Rights. The case was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 12, Judge Reardon issued his Report and Recommendation, in which he recommended that the case be dismissed without prejudice and the dismissal count as a strike.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2]

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court dismiss the case without prejudice and the dismissal count as a strike. The Court has reviewed the file and agrees with the Magistrate Judge's analysis. Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that this case is **DISMISSED without prejudice** and the dismissal counts as a **STRIKE** under 28 U.S.C. §1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

The Clerk of Court shall enter a final judgment accordingly.

DATED this 2nd day of October 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).